# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEITH BARANSKI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:05-CV-657 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Keith B. Baranski's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The government has responded to the motion and Baranski has replied. The Court will deny the motion for the reasons set forth below.

## I.    BACKGROUND

Keith Byron Baranski, a federally licensed firearms dealer, imported more than 400 machine guns from Eastern Europe. To remove the firearms from the customs warehouse, however, Baranski needed letters from law enforcement departments requesting demonstrations of the weapons or indicating a desire to purchase them. Baranski, along with a felon named James Carmi, provided fictitious police department letters. Using the fake letters, Baranski removed nearly fifty of the guns from the customs warehouse and sold them to Carmi. The scheme fell apart when the ATF checked one of the letters.

A jury convicted Baranski of one count of conspiracy to import machine guns illegally by submitting false entries in forms submitted to the Bureau of Alcohol, Tobacco & Firearms (ATF), in violation of 18 U.S.C. § 371. The government sought and obtained criminal forfeiture of the weapons. Baranski was sentenced to a term of sixty months' imprisonment followed by three years

supervised release. Baranski appealed his conviction and sentence, and the Eighth Circuit affirmed. United States v. Keith Byron Baranski, 75 Fed. Appx. 566 (8th Cir. 2003) (unpublished per curiam), cert. denied, 541 U.S. 1011 (2004).

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. To warrant relief under § 2255, the errors of which the petitioner complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987) (citing Kaufman v. United States, 394 U.S. 217 (1969)).

In his § 2255 motion, Baranski first claims that this court erred in failing to suppress the 372 guns seized from the bonded customs warehouse because the warrant did not state the things to be seized and thus violated the particularity requirement of the Fourth Amendment. Baranski raised this argument on direct appeal, and therefore is precluded from asserting it again in his § 2255 motion. See Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992). Further, the Eighth Circuit found the argument without merit because there was probable cause for issuance of the warrant regardless of the alleged errors. The Eighth Circuit held the warrant should not have been suppressed for lack of particularity because although the warrant did not set out the property to be seized, the warrant

2

referred to a sealed affidavit that described the weapons. 75 Fed. Appx. at 568. The Eighth Circuit further held that this court did not abuse its discretion in admitting fifteen of the machine guns into evidence at trial, noting their size, number, and military qualities were circumstantial evidence of Baranski's knowledge they were not being imported for sale to law enforcement. Id.

Moreover, in Stone v. Powell, 428 U.S. 465 (1976) as further explained twenty years later in Withrow v. Williams, 507 U.S. 680 (1993), the Supreme Court held that as a general rule, federal courts should decline to provide federal habeas corpus review of state prisoners' Fourth Amendment exclusionary rule claims if the state courts already provided the prisoner with an adequate opportunity for "full and fair litigation" of the claim. Although the Eighth Circuit has not ruled on the issue, other court of appeals that have addressed the question have held that Stone v. Powell bars Fourth Amendment claims in § 2255 motions to the same extent that such claims are barred in habeas corpus. See e.g., United States v. Cook, 997 F.2d 1312, 1317-18 (10th Cir. 1993); United States v. Wilcox, 640 F.2d 970, 972 n.5 (9th Cir. 1981); United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir.), cert. denied, 451 U.S. 938 (1981); Portillo v. United States, 588 F.2d 714, 716-17 (9th Cir. 1978) (en banc); Sosa v. United States, 550 F.2d 244, 249 (5th Cir. 1977); Tisnado v. United States, 547 F.2d 452, 455-59 (9th Cir. 1976). Here it is undisputed that Baranski had an opportunity for full and fair litigation of the Fourth Amendment claim and availed himself of that opportunity.

The court also concludes Baranski's reliance on Kaufman v. United States, 394 U.S. 217 (1969) is misplaced. In Kaufman, the Supreme Court held that a federal prisoner who had properly raised a Fourth Amendment claim at trial, but had *not* raised it on direct appeal, could obtain section 2255 relief because he had not "deliberate[ly] bypass[ed]" raising the issue on direct appeal. Here Kaufman is not applicable because Baranski raised the issue on direct appeal. Thus, for the foregoing

3

reasons, Baranski's Fourth Amendment claim is not cognizable in his § 2255 motion.

Baranski also argues the Supreme Court decision in <u>Groh v. Ramirez</u>, 540 U.S. 551 (2004), as well as the fact that he prevailed on his Fourth Amendment claim in his Bivens action before the Sixth Circuit justifies the reversal of his conviction. <u>See</u>, <u>Baranski v. Fifteen Unknown Agents of the Bureau of Alcohol, Tobacco and Firearms</u>, 401 F.3d 419 (6th Cir. 2005),

Baranski also argues that portions of Agent Johnson's testimony were false and asserts this as grounds for setting aside his conviction. Specifically, Baranski claims that Johnson testified that he had never known of a .50 caliber weapon used for law enforcement purposes, and that in his experience, "no civilian United States police department would use a .50 caliber sniper round, period, let alone a machine gun would never be a sniper weapon." Johnson further testified that the use of .50 caliber ammunition against personnel in warfare violates the Geneva Convention. Baranski asserts that the Geneva Convention is silent on the matter, that .50 caliber weapons are permissible for anti-personnel use under the Hague Convention and documents implementing that convention, and that some law enforcement agencies in the United States do use .50 caliber weapons.

The government argues the issue as to Agent Johnson is procedurally defaulted as Baranski did not raise the issue on direct appeal. Baranski counters that Johnson's assertion that .50 caliber machine guns are not used by law enforcement was raised on direct appeal, citing a footnote in his reply brief for his direct appeal. This court disagrees. Following review of this footnote, this court concludes the issue was not raised on direct appeal. Where a claim could have been raised on direct appeal, but was not, it is procedurally barred cannot be raised for the first time in a § 2255 motion unless the movant can show both "cause" that excuses the default, and "actual prejudice" resulting from the errors of which he complains. <u>See</u> <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982); <u>Dejan</u>

v. United States, 208 F.3d 682, 685 (8th Cir. 2000); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997), cert. denied, 522 U.S. 1064 (1998). If the movant is unable to show cause and actual prejudice, he must make a "substantial claim that constitutional error has caused the conviction of an innocent person." Schlup v. Delo, 513 U.S. 298, 324 (1995). Baranski has made no such showing.

"A defendant is entitled to a hearing on a § 2255 motion 'unless the motion, files, and record conclusively show' that the defendant is not entitled to relief. Koskela, 235 F.3d at 1149. 'A § 2255 motion "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."' Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995))." Here the record of this case conclusively show Baranski is not entitled to relief, and therefore his request for a hearing will be denied.

The Court concludes that for all of the foregoing reasons, Baranski's § 2255 motion will be denied. The Court will issue a certificate of appealability for the limited purpose of review in light of Groh v. Ramirez, 540 U.S. 551 (2004).

Accordingly,

**IT IS HEREBY ORDERED** that Keith Byron Baranski's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED.** (Doc. 1)

**IT IS FURTHER ORDERED** that Keith Byron Baranski's request for an evidentiary hearing is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the Court will issue a certificate of appealability for the

limited purpose of review in light of Groh v. Ramirez, 540 U.S. 551 (2004).

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of February, 2006.